UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-21-CR-556 |
| ANAHUAC TRANSPORT, INC.,<br>Defendant. | § § § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, United States Attorney for the Southern District of Texas, and Robert S. Johnson, Assistant United States Attorney, and the defendant, ANAHUAC TRANSPORT, INC., ("Defendant"), a corporation registered and formed under the laws of Texas, and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Information. Count One charges Defendant with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2. Defendant, by entering this plea, agrees that it is waiving any right to have the facts that the law makes essential to the punishment either charged in the information, or proved to a jury or proven beyond a reasonable doubt. In addition, pursuant to Fed. R. Crim. P. 7(b), the defendant has waived indictment.

**Punishment Range**

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1343, for an organizational defendant, is a term of probation of not less than one year nor more than five years and a fine of not more than $500,000.00 or not more than the greater of twice the gross gain or twice the gross loss, whichever is greatest. *See* Title 18, United States Code, sections 3551(c), 3561(c)(1), 3571(c)(3), (d); and United States Sentencing Guidelines (U.S.S.G.). §8D1.2(a)(1).

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(B), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of four hundred dollars ($400.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Waiver of Appeal and Collateral Review**

4. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event

Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks its conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

5. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that it may have received from its counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce its guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

6. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' and Defendant's Agreements

7. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant agree as follows:

 (a) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of its intent to plead guilty, thereby permitting the United

3

States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

(b)     Within 30 days of entering the Plea Agreement, Defendant shall provide to the government a schedule of every federal government entity to which it delivered fuel, directly or through a contractor, from 2020 to the date of entry of the Plea Agreement. For each load of fuel delivered, the schedule shall list the date of delivery of the fuel, type of fuel, location of delivery, identify of Defendant's contracting partner, and contract number.

### Agreement Binding - Southern District of Texas Only

8. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

4

(e)     to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

10.    Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).  Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.  Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

11.    Defendant understands that by entering into this agreement, it surrenders certain rights as provided in this plea agreement.  Defendant understands that the rights of a defendant include the following:

(a)     to be charged by Indictment;

(b)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree;

(c)     At a trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront

5

those witnesses and its attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on its own behalf. If the witnesses for Defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

### Factual Basis for Guilty Plea

12. Defendant is pleading guilty because it is in fact guilty of the charges contained in Count One of the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following summary of facts, among others would be offered to establish Defendant's guilt:

ANAHUAC TRANSPORT, INC. ("ANAHUAC") is a Texas corporation based in Anahuac, Texas, whose directors are Gary L. Monteau and Arnold Brant Charpiot. ANAHUAC was in the business of hauling chemicals in tanker trailers, including rocket fuel, known as RP-1, and jet fuel, known as JP-10.

The National Aeronautics and Space Administration (NASA) and the United States Department of Defense (DOD) entered contracts with various companies, including Space Explorations Technologies Corp. (SpaceX) and others, to launch rockets with supplies for the International Space Station and with military payloads. These companies procured fuel for the rocket launches and for other purposes, and contracted for transportation of the fuel to the launch sites and elsewhere. From approximately 2012 through approximately 2020, ANAHUAC was subcontracted to transport RP-1 and JP-10 from Houston, Texas to Florida, Virginia, and Arizona on behalf of NASA and DOD.

To prevent contamination of the rocket and jet fuel, contracts under which ANAHUAC transported the fuels for the government incorporated requirements from the Defense Logistics Agency (a component of DOD) that require the RP-1 or JP-10 transportation company ensure the tank trailer used to transport the fuel did not previously contain certain chemicals that may have adverse reactions with the fuel. The industry-standard method of complying with this requirement is for the company hauling the fuel to provide a "wash certificate," which is a form created by a specialized cleaning company that identifies the chemical that was previously in the tank and certifies that the tank has been cleaned.

When hauling RP-1 or JP-10, ANAHUAC intentionally falsified its wash certificates, claiming that it had not previously hauled incompatible chemicals with its tank trailers, when, in reality, it had. It supplied these false wash certificates to its contracting partners, who relied upon them. The false wash certificates were often provided to the government as well. The contracting partners and the government would not have allowed ANAHUAC to transport the

6

rocket and jet fuel and would not have paid ANAHUAC for transporting the fuel if they had known that ANAHUAC was using false wash certificates. ANAHUAC transported the rocket and jet fuel with its contaminated trailers, and the rocket and jet fuel was used by the government for its intended purposes.

ANAHUAC maintained a blank wash certificate on its office computer system. Using this electronic template, ANAHUAC created its false wash certificates. In altering the information on the actual wash certificates, ANAHUAC typically changed the ticket number on the form, and it changed the incompatible chemical that was listed as having been previously hauled in the tank, to one that would be compatible with RP-1 and JP-10.

ANAHUAC delivered the false wash certificates to its direct contracting partners, DFS Worldwide or American Petrolog, LLC, by email and at times also with a paper copy that was provided by its truck drivers at the loading dock. ANAHUAC would email its truck drivers the altered wash certificate to use when delivering the load. These emails traveled in interstate commerce.

For example, on February 27, 2017, ANAHUAC emailed DFS Worldwide an invoice for hauling multiple loads of rocket fuel for SpaceX and provided a link to the documents related to the loads, which included falsified wash certificates. This email, which was transmitted through the internet, traveled in interstate commerce. In total, ANAHUAC was paid by its direct contracting partners at least $251,401 for hauling rocket or jet fuel for the government with falsified wash certificates.

**Breach of Plea Agreement**

13. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Specifically, in this case, if Defendant should attempt to avoid its financial obligations under this agreement, for example, by filing for bankruptcy before the payments are completed, the parties agree that doing so would be a breach of the plea agreement, and would give the Government the right to

immediately seek relief from the court, including the reinstatement of prosecution, and Defendant and its agents Gary L. Monteau and Arnold Brant Charpiot waive all defenses of Defendant, or of Gary L. Monteau or Arnold Brant Charpiot individually, based upon the statute of limitations and the Speedy Trial Act as to any charges that are part of the same course of criminal conduct described in the Information. Further, any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against the defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

14. This plea agreement is being entered into by the United States on the basis of Defendant's express representation that it will make a full and complete disclosure of all assets over which it exercises direct or indirect control, or in which it has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which it has an interest, unless Defendant obtains the prior written permission of the United States.

15. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500C or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to provide information on all assets that it owns or controls, directly or indirectly, and to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

16. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of its assets to deliver all funds and records of such assets to the United States.

17. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

18. No restitution has been identified in this case.

### Forfeiture

19. Defendant stipulates and agrees that the property listed in the Information's Notice of Forfeiture is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: U.S. currency in the amount of $251,401.00, which constitutes gross proceeds traceable to the commission of the offense.

20. Defendant stipulates and agrees that Defendant obtained $251,401.00 from the commission of the criminal offense and that the factual basis for Defendant's guilty plea supports the forfeiture of $251,401.00. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists. Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of $251,401.00. Defendant agrees to the imposition of a money judgment in that amount.

21. Defendant agrees to pay $251,401 in satisfaction of the money judgment within thirty days of the date this plea agreement is entered.

22. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

23. Subject to the provisions of paragraph 4 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

24. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 4 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

25. This written plea agreement, consisting of 15 pages, including the attached addendums of Defendant and its attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against it and that it is pleading guilty freely and voluntarily because it is guilty.

26. The undersigned corporate representative is authorized to enter this plea agreement on behalf of the defendant.

27. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____, Texas, on _____ , 2022.

_____
Defendant

Subscribed and sworn to before me on _____ , 2022.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By: _____
Robert S. Johnson
Assistant United States Attorney
Southern District of Texas

_____
Gary L. Monteau
Corporate Representative
Anahuac Transport, Inc.

_____
Arnold Brant Charpiot
Corporate Representative
Anahuac Transport, Inc.

_____
Dan Cogdell
Counsel for Anahuac Transport, Inc. *Gary Monteau*

_____
Christopher Tritico
Counsel for Anahuac Transport, Inc. *AB Charpiot*

_____
Christopher Downey
Counsel for Anahuac Transport, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO. H-21-CR-556 |
| | § | |
| ANAHUAC TRANSPORT, INC., | § | |
| Defendant. | § | |

## PLEA AGREEMENT – ADDENDUM 1
### CERTIFICATION COUNSEL REVIEWED PLEA WITH CLIENT

I have fully explained to Defendant, through its corporate representative, its rights with respect to the pending information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant, through its corporate representative, the provisions of those Guidelines which may apply in this case. I have also explained to Defendant, through its corporate representative, that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant, through its corporate representative. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

(Duplicate)

_____   _____
Dan Cogdell                 Date
Counsel for Anahuac Transport, Inc.


_____   _____
Christopher Tritico         Date
Counsel for Anahuac Transport, Inc.


_____   _____
Christopher Downey          Date
Counsel for Anahuac Transport, Inc.

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | CRIMINAL NO. H-21-CR-556 |
| | § | |
| ANAHUAC TRANSPORT, INC., Defendant. | § § § | |

PLEA AGREEMENT – ADDENDUM 2
STATEMENT OF CORPORATE REPRESENTATIVE

As corporate representative, and authorized to act on behalf of Defendant Anahuac Transport, Inc., I have consulted with Anahuac Transport, Inc.'s attorney and fully understand all the rights with respect to the Information pending against Anahuac Transport, Inc. Anahuac Transport, Inc.'s attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in Anahuac Transport, Inc.'s case. I have read and carefully reviewed every part of this plea agreement with Anahuac Transport, Inc.'s attorney. I understand this agreement and I voluntarily agree to its terms on behalf of Defendant Anahuac Transport, Inc.

_____    2-23-2022
Gary L. Monteau                            Date
Corporate Representative
Anahuac Transport, Inc.


_____    2/23/2022
Arnold Brant Charpiot                       Date
Corporate Representative
Anahuac Transport, Inc.

15